125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Susan BOWERS, Plaintiff-Appellant,
v.
IBM GROUP LIFE INSURANCE AND SURVIVORS INCOME BENEFIT PLAN;
T.L. Richards as Plan Administrator;
International Business Machines
Corporation, Defendants-Appellees.
 No. 96-16560.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1997.**
Decided Sept. 30, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-95-02566-VRW; Vaughn R. Walker, District Judge, Presiding.
 Before: ALDISERT***, CHOY, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-appellant Susan Bowers ("Mrs.Bowers"), surviving spouse of the deceased Jerry Bowers ("Mr.Bowers"), appeals the district court's grant of summary judgment in favor of Defendants-appellees IBM Group Life Insurance and Survivors Income Benefit Plan ("the Plan"); T.L. Richards as Plan Administrator ("Mr.Richards"); and International Business Machines Corporation ("IBM") in her action under the Employee Retirement Income Security Act, 29 U.S.C. § 1132, challenging the plan administrator's denial of her claim for survivor benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The parties agree that the district court's decision to grant or deny summary judgment is reviewed de novo. Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1047 (9th Cir.1995). The parties disagree, however, as to which standard of review properly applies to the plan administrator's decision that Mr. Bowers was not a "regular" employee at the time of his death and that therefore Mrs. Bowers is not entitled to receive the Survivors Income Benefit ("SIB"). The district court utilized the abuse of discretion standard in reviewing the plan administrator's decision. Mrs. Bowers contends that, due to an alleged conflict of interest on the part of Mr. Richards as plan administrator, the de novo standard should have been applied instead.
 
 
 4
 In the case at hand, the Summary Plan Description ("SPD") gives the plan administrator "exclusive authority and discretion to interpret the terms of the benefit plans described" within the SPD.[1] Therefore, the decision of Mr. Richards, the plan administrator, generally would be reviewed for an abuse of discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). However, when a plan administrator who has such discretion is operating under a conflict of interest, then that conflict "weigh[s] as a factor in determining whether there is an abuse of discretion." Id. (citation and internal quotation marks omitted). Thus, even if an apparent conflict exists, the abuse of discretion standard applies; however, a "more stringent" version of that standard is utilized. Taft v. Equitable Life Assurance Soc., 9 F.3d 1469, 1474 (9th Cir.1993) (citation omitted). Under this less deferential abuse of discretion review, the court must ascertain whether there exists "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary." Atwood v. Newmont Gold Co., 45 F.3d 1317, 1323 (9th Cir.1995). If such a showing has not been made, then the traditional abuse of discretion standard applies. Id.[2]
 
 
 5
 Our review of the record does not reveal "material, probative evidence, beyond the mere fact of the apparent conflict" that would indicate a breach of fiduciary duty on the part of Mr. Richards. Neither the fact that Mr. Richards, as the plan administrator who made the decision to deny the benefit, was an IBM employee, nor the fact that the benefit would be paid out of the general assets of IBM[3] is sufficient to establish a breach of fiduciary duty. Atwood, 45 F.3d at 1323; Taft, 9 F.3d at 1474.
 
 
 6
 Moreover, we do not read the comment in the denial letter regarding the compassion payment as an "admission" that the payment played a part in Mr. Richards' decision to deny the SIB claim. Rather, we agree with the district court's interpretation, that the comment constitutes nothing more than an observation of the fact that, while IBM felt that Mrs. Bowers was not entitled to the SIB, it nevertheless paid her a sum of money as a compassionate gesture. The text of the letter indicates that compassion payment was premised on the ineligibility for the benefit, rather than the ineligibility being premised on the compassion payment.
 
 
 7
 Because we agree with the district court that Mrs. Bowers did not meet her burden of producing material evidence tending to show that Mr. Richards breached his fiduciary duty, we review his decision to deny the benefit for an abuse of discretion. Mr. Richards abuses his discretion as plan administrator if he "make[s] a decision without any explanation, or in a way that conflicts with the plain language of the plan, or that is based on clearly erroneous findings of fact." Atwood, 45 F.3d at 1323-24. Mr. Richards listed a number reasons for his denial of Mrs. Bowers' claim. Therefore, in order to prevail, Mrs. Bowers must show that there is a genuine issue of material fact 1) as to whether Mr. Richards' decision was based on factual findings that were clearly erroneous (Taft, 9 F.3d at 1473), or 2) as to whether Mr. Richards' interpretation of the term "regular" so as to exclude an employee of Mr. Bowers' transitional status conflicts with the plain language of the Plan (Eley v. Boeing Co., 945 F.2d 276, 279 (9th Cir.1991)).
 
 
 8
 Mrs. Bowers claims that the word "regular" is inherently ambiguous, and that summary judgment should have been denied on that basis. Mrs. Bowers correctly points out that the term "regular" is not defined in the SPD. However, her argument fails to take into consideration that the Plan gives Mr. Richards as plan administrator the discretion to construe the terms of the Plan. Our review of the text of the Plan does not indicate that Mr. Richards' interpretation of the word "regular" so as to exclude a transitional or supplemental employee actually conflicts with the plain language of the Plan.
 
 
 9
 Nor does our review of the record demonstrate that Mr. Richards' decision was based on clearly erroneous factual findings. The plan administrator does not abuse his discretion unless his decision is clearly erroneous, or "so patently arbitrary and unreasonable as to lack foundation in factual basis." Taft, 9 F.3d at 1473 (citing Oster v. Barco of Cal. Employees' Retirement Plan, 869 F.2d 1215, 1218 (9th Cir.1988)). Given the record in this case, we cannot say that Mr. Richards' decision was clearly erroneous. It appears to us that the plan administrator's decision was reasonable, considering the following facts: The Plan only applies to "regular" employees, and coverage under the Plan terminates upon the end of an individual's employ with IBM; Mr. Bowers signed a "General Release and Covenant Not to Sue" acknowledging his departure from IBM on September 30, 1993 and received severance pay as a part of the package; Mr. Bowers agreed to return a pro rata portion of the severance pay should he be re-employed by IBM as a regular employee; Mr. Bowers was notified that his new employment with IBM was transition employment for one year with either IBM or an IBM alliance, and that he could apply for permanent employment with a new IBM joint venture in the future; Mr. Bowers was notified of the benefits for which he would be eligible under the new arrangement with IBM, and the SIB was not listed among those benefits; and Mr. Bowers received a new serial number for his transitional employment with IBM. Given these facts, we agree with the district court's conclusion that the plan administrator's interpretation of the term "regular" so as to exclude Mr. Bowers' employment status was proper, and was not so "patently arbitrary and unreasonable as to lack foundation in factual basis." See Taft, 9 F.3d at 1472-73.
 
 
 10
 Mrs. Bowers also argues that Mr. Richards' decision was arbitrary and capricious because IBM "in effect" orally amended the Plan "to exclude an otherwise regular employee who happens to be transitional." It is true that the Plan does not explicitly mention the coverage afforded to temporary or transitional employees. However, the SPD plainly states that Plan coverage ends when an employee departs from IBM's employ: "Eligibility starts with your first day of employment but terminates on retirement or separation from the company." (emphasis added). The SPD also explicitly states that the plans described therein only apply to "regular" employees, and "do not pertain to other categories of employees such as supplemental or term employees." We therefore cannot say that Mr. Richards' decision was arbitrary and capricious.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because the Plan expressly grants discretion to interpret the Plan to the plan administrator, the rule of contra proferentem does not apply. Winters v. Costco Wholesale Corp., 49 F.3d 550, 554 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 276 (1995)
 
 
 [2]
 If such a showing is made, the burden shifts to the Plan to show that the decision to deny benefits was not affected by the conflict of interest. Id. If that burden is not satisfied, the court will review the plan administrator's decision de novo. Id
 
 
 [3]
 Mrs. Bowers claims that de novo review is the applicable standard in this case, and states that a more stringent standard of review was applicable in conflict of interest cases even before Atwood. Mrs. Bowers refers us to Fielding v. Int. Harvester Co., 815 F.2d 1254 (9th Cir.1987) and Jung v. FMC Corp., 755 F.2d 708 (9th Cir.1985) in support of this premise. In these two cases, however, while we treated the plan administrator's decision less deferentially, we nonetheless utilized the arbitrary and capricious standard of review, not the de novo standard. Fielding, 815 F.2d at 1256; Jung, 755 F.2d at 711-12. In this context there is no difference between arbitrary and capricious review and review for abuse of discretion; the terms may be used interchangeably. McKenzie v. General Telephone Co. of California, 41 F.3d 1310, 1314 n. 3 (9th Cir.1994)